IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA KINNEN, on behalf of himself and similarly situated employees,<br>　　　　　　　　　　Plaintiff,<br>　　　v.<br>GATTO MOTO, LLC,<br>　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>ELECTRONICALLY FILED ON DECEMBER 12, 2014<br><br>CLASS/COLLECTIVE ACTION |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff Patricia Kinnen ("Plaintiff"), on behalf of herself and similarly situated employees, brings this class/collective action lawsuit against Defendant Gatto Moto, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.[1]

## JURISDICTION AND VENUE

1.　Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.　Jurisdiction over Plaintiff's PMWA claim is proper under 28 U.S.C. § 1367.

3.　Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4.　Plaintiff is an individual residing in Gibsonia, PA (Allegheny County).

---

[1] FLSA collective action claims and Rule 23 class action claims may proceed together in the same lawsuit. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

5. Defendant is a corporate entity headquartered in Tarentum, PA (Allegheny County) and registered with the Pennsylvania Department of State to do business in Pennsylvania.

## FACTS

6. Defendant employs individuals, including Plaintiff, who engaged in interstate commerce or in the production of goods for interstate commerce or in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

7. Defendant is an employer covered by the FLSA and the PMWA.

8. Defendant owns and operates Harley-Davidson showrooms located in Glenshaw, PA ("Glenshaw facility") and Tarentum, PA ("Tarentum facility") (collectively "Defendant's facilities").

9. During the three-year time period relevant to this lawsuit, Defendant has employed at least 30 individuals who worked at Defendant's facilities and were paid on an "hourly-plus-bonus/commission" basis. These individuals are referred to herein as "Sales Employees."

10. Plaintiff was employed as a Sales Employee from approximately April 2010 until approximately October 2014.

11. Plaintiff and other Sales Employees often work over 40 hours per week. As just one example, Plaintiff worked 6.9 overtime hours during the two-week pay period ending August 2, 2014.

12. Plaintiff and other Sales Employees receive an hourly pay rate plus additional, non-discretionary bonus and commission payments. For example, Plaintiff's pay rate was

$13.00/hour at the termination of her employment, and during 2013, her non-discretionary bonus and commission payments totaled over $11,000.00.

13. Sales Employees receive overtime premium payments calculated at 150% of their regular hourly wage. However, in calculating the overtime premium, Defendant does not factor the Sales Employees' bonus or commission payments into the Sales Employees' regular pay rate. For example, if a Sales Employee making $10/hour works 50 hours during a workweek and receives $200 in bonus/commission during the same workweek, Defendant pays the Sales Employee an overtime premium rate of $15.00/hour ($10.00/hour X 1.5), and the Sales Employee receives overtime compensation of $150 ($15.00 X 10 overtime hours). This methodology results in the Sales Employee being underpaid. If, under the above example, the $200 bonus/commission is factored into the Sales Employee's regular pay rate, her regular pay rate for the week increases by $4/hour ($200/50 hrs), her regular rate increases to $14/hour ($10/hour + $4/hour), her overtime premium rate increases to $21/hour ($14/hour X 1.5), and her overtime compensation increases to $210 ($21/hour X 10 overtime hours).

14. Defendant's above-described overtime calculation methodology violates the rule that, in calculating overtime, non-discretionary bonus and commission payments must be included in the "regular rate" calculation. *See* 29 C.F.R. §§ 778.117 and 778.209; *see also* 34 Pa. Code § 231.43.

15. By failing to factor Sales Employees' bonus/commission payments into the regular pay rate when calculating their overtime premium pay, Defendant has deprived Sales Employees of overtime pay, and, in do doing, has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**CLASS/COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiff brings her FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), and brings her PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> Every individual who, during any workweek after December 12, 2011, was (i) employed by Defendant or any of its associated business entities, (ii) paid an hourly wage, (iii) credited with bonus or commission payments in addition to the hourly wage payments, and (iv) credited with working over 40 hours.

17. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

19. The class, upon information and belief, includes over 30 individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

20. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

21. Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

22. Questions of law and fact are common to all class members, because, inter *alia,* this action concerns Defendant's companywide timekeeping and pay policies, as summarized

4

herein.  The legality of these policies will be determined through the resolution of generally applicable legal principles to a common set of facts.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

24. All previous paragraphs are incorporated as though fully set forth herein.

25. Plaintiff and other class members are employees entitled to the FLSA's protections.

26. Defendant is an employer covered by the FLSA.

27. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

28. The FLSA requires that non-discretionary bonus/commission payments must be included in the regular pay rate for purposes of calculating overtime premium compensation. *See* 29 C.F.R. §§ 778.117 and 778.209.

29. Defendant violated the FLSA by failing to factor the bonus/commission payments of Plaintiff and other class members into the regular pay rate when calculating their overtime premium pay.  *See* 29 C.F.R. §§ 778.117 and 778.209.

30. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

31. All previous paragraphs are incorporated as though fully set forth herein.

32. Plaintiff and other class members are employees entitled to the PMWA's protections.

33. Defendant is an employer covered by the PMWA.

34. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week.  *See* 43 P.S. § 333.104(c).

35. The PMWA requires that non-discretionary bonus/commission payments must be included in the regular pay rate for purposes of calculating overtime premium compensation.  *See* 34 Pa. Code §§ 231.41 and 231.43.

36. Defendant violated the PMWA by failing to pay failing to include the bonus/commission payments of Plaintiff and other class members into the regular pay rate when calculating their overtime premium pay.  *See* 34 Pa. Code § 231.43.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. An order permitting this action to proceed as a collective and class action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C. Unpaid wages (including overtime premium wages) and prejudgment interest to the fullest extent permitted under federal and state law;

6

  D. Liquidated damages to the fullest extent permitted under the FLSA;

  E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law; and

  F. Such other and further relief as this Court deems just and proper.

Date:  December 12, 2014    Respectfully,

            <u>/s/ Mark J. Gottesfeld</u>
            Peter Winebrake, Esq.
            R. Andrew Santillo, Esq.
            Mark J. Gottesfeld, Esq.
            Winebrake & Santillo, LLC
            715 Twining Road, Suite 211
            Dresher, PA 19025
            mgottesfeld@winebrakelaw.com

            *Plaintiff's Counsel*